## W. R. Thompson *v.* Mary Fenley.

**Vendor and Purchaser—Incumbrance—Waiver.**

Where a purchaser of land accepted a deed for the land, it was held that he did not waive his right to insist that the incumbrance on the title should be removed before he should be required to pay the purchase money, although the purchase money notes have been assigned, after the vendor has become insolvent.

**Vendor and Purchaser—Defense—Insolvency.**

In an action on purchase money notes, it was held that the purchaser was not deprived of his defense because he did not specifically allege that the vendor was insolvent on the date the notes fell due.

APPEAL FROM LOUISVILLE CHANCERY.

June 23, 1873.

ON PETITION FOR REHEARING.

OPINION BY JUDGE LINDSAY:

In the cases of *Ridgway v. Collins,* 3 A. K. Marshall 410, and *Robbins v. Holley,* 1 T. B. Monroe 191, there was no connection between the demands sought to be set off against each other. In each case the court notices this fact, and gives it as one of the reasons why relief will not be granted.

In the case of *Daviess v. Newton,* 5 J. J. Marshall 89, the court recognizes the right, where the demands are connected, to have them set off, even though the assignor of the note had removed from the state or become insolvent after notice of assignment. In this case the demands are not only connected and growing out of the same

transaction, but Thompson defends upon a ground always recognized in equity. He is resisting the specific execution of a contract for the sale of realty, because of defect of title and the insolvency of his vendor. When Thompson accepted Pearson's deed, he did not waive his right to insist that incumbrances on the title should be removed before paying the purchase money. In case his warrantor became insolvent before the same became due and payable, Pearson could not deprive him of this right by assigning the note. Appellant sued on the note three days after it was due. Thompson answered a month afterwards setting up Pearson's insolvency. His answer was treated as good and the cause prepared and tried upon its merits. This court is of opinion that a good defense was made out and is not disposed to deprive Thompson of the benefit of the defense because he did not specifically allege that Pearson was insolvent on the day the note fell due, it being evident that the chancellor and the appellee regarded and treated the pleadings as sufficiently specific and direct. It is not shown that Thompson executed the note for the purpose of enabling Pearson to raise money by selling them.

The record before this court shows that Thompson states in his first deposition that "he was told that Mr. Abbott had said that the note could *not* be renewed." It is counsel and not this court who are mistaken as to this fact.

The petition for a rehearing must be overruled.

*Bullitt, Booth, for appellant.*

*Seymour, Abbott, for appellee.*